IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV5-MU

| | | |
|---|---|---|
| JASON HOFACKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE FRESH MARKET, INC. and | ) | |
| JOHN CRAVEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon Defendants' Motion to Dismiss Plaintiff's Complaint. Plaintiff, a former employee of The Fresh Market, Inc. filed this action in state court on March 27, 2005, alleging state law claims arising out of his employment. Defendants filed a Motion to Dismiss or Stay based on an arbitration agreement executed between The Fresh Market and the Plaintiff when he began his employment. While that motion was pending, the Plaintiff filed an Amended Complaint on December 7, 2005, adding a Title VII claim against The Fresh Market. Defendants then timely removed the action to this court.

Defendants seek to dismiss Plaintiff's Complaint, alleging that Plaintiff's Title VII claim is untimely. In addition, Defendants assert that the arbitration agreement should be enforced, and the court should either dismiss this action or, in the alternative, stay the action pending arbitration.

Defendants argue that Plaintiff's Title VII claim is untimely because Plaintiff did not properly amend his Complaint in state court and the Title VII claim was filed on December 7,

2005, more than ninety days after he received his Notice of Right-to-Sue from the EEOC.

Contrary to Defendants' assertions, Plaintiff's Amended Complaint was properly filed in the state court. Under the North Carolina Rules of Civil Procedure, "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . ." Under FRCP 7(a) and its state law counterpart, only an answer or a counterclaim is a responsive pleading. Indeed, several courts have held that a motion to dismiss is not a responsive pleading for purposes of amending a complaint. See Mullinax v. Radian Guar., Inc., 311 F.Supp.2d 474, 479 (M.D.N.C. 2004); Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993). Here, Plaintiff properly amended his Complaint without leave of court, as Defendants had only filed a motion to dismiss.

Plaintiff's Title VII claim is timely filed because of the relation back doctrine. Under Rule 15 of the North Carolina Rules of Civil Procedure "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions and occurrences, to be proved pursuant to the amended pleading." Here, there is a strong factual nexus between the amended complaint and the original complaint. The Title VII and state law claims involve identical facts and occurrences. Defendants cannot claim that they were not on notice of possible Title VII claims since the initial EEOC charge. Accordingly, the court finds that pursuant to the relation back doctrine, Plaintiff's Title VII claim was timely filed as of March 27, 2005.

Defendants next seek to enforce the arbitration agreement that was signed by The Fresh Market and the Plaintiff at the outset of his employment, which provides for mandatory

arbitration of any dispute arising out of or relating to a term or condition of employment or the breach thereof.  Plaintiff does not dispute the enforceability of the arbitration agreement, rather, he argues that Defendants somehow waived their right to enforce the agreement because they delayed a hearing in state court on their motion to dismiss.  In addition, Plaintiff argues that arbitration is not ripe until the parties have engaged in mediation, as required the agreement.  Neither of Plaintiff's arguments have merit.  The record indicates that Defendants raised the arbitration issue at the first opportunity to do so and in a timely fashion following Plaintiff's initial filing of the Complaint.  At no time have the Defendants done anything to withdraw their motion or act in any way contrary to their position.  Plaintiff has not been prejudiced by any delay in scheduling a hearing.  Furthermore, under the rules of the American Arbitration Association, mediation is conducted prior to and as part of the arbitration.

Accordingly,

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is hereby DENIED, and Defendant's alternative motion to stay this matter pending arbitration is hereby GRANTED, and this matter is hereby STAYED pending mediation and arbitration.

Signed: February 28, 2006

Graham C. Mullen
United States District Judge